UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06444-SVW-RAO | Date | March 3, 2020 |
|---|---|---|---|
| Title | *Tulsi Now, Inc. v. Google, LLC et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER GRANTING DEFEDANT'S MOTION TO DISMISS [20]

    Tulsi Now, Inc. ("Plaintiff") is a political campaign on behalf of Representative Tulsi Gabbard of Hawaii. Google, LLC ("Defendant") is one of the largest webservices and technology companies in the world. Defendant has moved to dismiss the complaint or transfer the case to the Northern District of California pursuant to a forum selection clause in Google's advertiser agreement. Because Plaintiff fails to state a claim that is legally sufficient to implicate the First Amendment, the Court does not address the motion to transfer. Although § 1983 is not mentioned directly in the complaint, we assume that is how Plaintiff brings this action, as there is no implied right of action directly under the First Amendment. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."). Plaintiff's essential allegation is that Google violated Plaintiff's First Amendment rights by temporarily suspending its verified political advertising account for several hours shortly after a Democratic primary debate. Plaintiff's claim, however, "runs headfirst into two insurmountable barriers—the First Amendment and Supreme Court precedent." *Prager Univ. v. Google LLC*, No. 18-15712, 2020 WL 913661, at *1 (9th Cir. Feb. 26, 2020).

    The First Amendment provides: "Congress shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble . . . ." U.S. Const. amend. I. "The First Amendment, applied to states through the Fourteenth Amendment, prohibits laws abridging the freedom of speech." *Animal Legal Def. Fund v. Wasden*, 878 F.3d 1184, 1193 (9th Cir. 2018) (internal quotation omitted). In effect, "the First Amendment means that *government* has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *United States v.*

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06444-SVW-RAO | Date | March 3, 2020 |
|---|---|---|---|
| Title | *Tulsi Now, Inc. v. Google, LLC et al.* | | |

*Stevens*, 559 U.S. 460, 468 (2010) (quoting *Ashcroft v. ACLU*, 535 U.S. 564, 573 (2002)) (emphasis added).

Google is not now, nor (to the Court's knowledge) has it ever been, an arm of the United States government. "The text and original meaning of those Amendments, as well as this Court's longstanding precedents, establish that the Free Speech Clause prohibits only *governmental* abridgment of speech. The Free Speech Clause does not prohibit *private* abridgment of speech." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1926 (2019) (emphasis in original); *see Prager Univ.*, 2020 WL 913661, at *2 ("The Free Speech Clause of the First Amendment prohibits the government—not a private party—from abridging speech.").

Plaintiff alleges Google has become a state actor by virtue of providing advertising services surrounding the 2020 presidential election. "Under this Court's cases, a private entity can qualify as a state actor in a few limited circumstances—including, for example, (i) when the private entity performs a traditional, exclusive public function; (ii) when the government compels the private entity to take a particular action; or (iii) when the government acts jointly with the private entity." *Halleck*, 139 S. Ct. at 1928 (internal citations omitted). Plaintiff's argument is that, by regulating political advertising on its own platform, Google exercised the traditional government function of regulating elections. "To draw the line between governmental and private, this Court applies what is known as the state-action doctrine. Under that doctrine, as relevant here, a private entity may be considered a state actor when it exercises a function 'traditionally exclusively reserved to the State.'" *Id.* at 1928 (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974)).

Traditional government functions are defined narrowly. "It is not enough that the federal, state, or local government exercised the function in the past, or still does. And it is not enough that the function serves the public good or the public interest in some way. Rather, to qualify as a traditional, exclusive public function within the meaning of our state-action precedents, the government must have traditionally and exclusively performed the function." *Id.* at 1928–29. "Under the Court's cases, those functions include, for example, running elections and operating a company town." *Id.* at 1929. There is no argument that webservices or online political advertising are traditionally exclusive government functions. Plaintiff argues that, by providing some restriction on political advertising on its platform, Google is in effect regulating elections.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06444-SVW-RAO | Date | March 3, 2020 |
|---|---|---|---|
| Title | *Tulsi Now, Inc. v. Google, LLC et al.* | | |

    To support its contention that a private actor can regulate elections, Plaintiff directs the Court to *Terry v. Adams*, 345 U.S. 461, 463 (1953). However, *Terry* is utterly inapposite to Plaintiff's contention. In 1954, the Supreme Court held that the Fifteenth Amendment was implicated when a political party effectively prevented black citizens from voting. *Terry*, 345 U.S. at 463. The Court held: "The evil here is that the State, through the action and abdication of those whom it has clothed with authority, has permitted white voters to go through a procedure which predetermines the legally devised primary." *Id.* at 477. But *Terry* bears no relation to the current dispute, where Google, an undisputedly private company, temporarily suspended Plaintiff's Google advertising account for a matter of hours, allegedly based on viewpoint bias.

    What Plaintiff fails to establish is how Google's regulation of its own platform is in any way equivalent to a governmental regulation of an election. Google does not hold primaries, it does not select candidates, and it does not prevent anyone from running for office or voting in elections. To the extent Google "regulates" anything, it regulates its own private speech and platform. Plaintiff's "national security" argument similarly fails. Google protects *itself* from foreign interference; it does not act as an agent of the United States. Nearly every media or technology company has some form of cybersecurity procedure. Under Plaintiff's theory, every media organization that took steps to prevent foreign cybercrimes could potentially implicate the First Amendment. Google's self-regulation, even of topics that may be of public concern, does not implicate the First Amendment. *See Prager Univ.*, 2020 WL 913661, at *3.

    For the reasons provided above, Defendant's motion to dismiss is GRANTED. Because these facts could never give rise to a First Amendment claim, Plaintiff's complaint is dismissed with prejudice and without leave to amend.

        IT IS SO ORDERED.

| | : |
|---|---|
| Initials of Preparer | PMC |